# IN THE SUPREME COURT OF CALIFORNIA

In re OSCAR MANUEL VAQUERA

on Habeas Corpus.

S258376

Fourth Appellate District, Division Three
G056786

Orange County Superior Court
12NF0653

---

February 5, 2024

Justice Groban authored the opinion of the Court, in which Chief Justice Guerrero and Justices Corrigan, Liu, Kruger, Jenkins, and Evans concurred.

---

In re VAQUERA

S258376


Opinion of the Court by Groban, J.


California's "One Strike" law, codified at Penal Code section 667.61, is an alternative sentencing scheme that applies when the prosecution pleads and proves specific aggravating circumstances in connection with certain sex offenses.[1] The prosecution charged Oscar Manuel Vaquera by information with two counts of an offense covered by the One Strike law — committing a lewd act on a child under the age of 14 — and a jury convicted him on both counts. (§§ 288, subd. (a), 667.61, subd. (c)(8).) In this habeas corpus proceeding, Vaquera challenges the 25-year-to-life sentence the trial court imposed for count 2.[2]

In connection with this count, the prosecution alleged a multiple victim circumstance under subdivision (b) of the One Strike law, which provides for a sentence of 15 years to life "[e]xcept as provided in subdivision (a), (j), (*l*), or (m)." (§ 667.61, subd. (b); see *id.*, subd. (e)(4).)[3] After the jury convicted Vaquera and found true the multiple victim circumstance, the prosecutor filed a sentencing brief requesting 15 years to life on count 2. But later, just days before Vaquera's sentencing hearing, the

---

[1]  All further citations to statutes are to the Penal Code.

[2]  Vaquera does not challenge the 15-year-to-life sentence the trial court imposed for count 1.

[3]  All further citations to statutory subdivisions are to the One Strike law, section 667.61.


1

prosecutor filed a second sentencing brief invoking subdivision (j)(2) of the One Strike law, which provides for a sentence of 25 years to life when the victim is under the age of 14, and arguing Vaquera should be sentenced under that provision on count 2.

Vaquera contends the court's imposition of a 25-year-to-life sentence for count 2 violated due process guarantees because the information did not provide him fair notice of the prosecution's election to seek that sentence. He further contends that he is entitled to be resentenced to 15 years to life on count 2 because the due process violation deprived him of the opportunity to consider his exposure under subdivision (j)(2) when making key decisions about his defense. The Attorney General argues that the information provided Vaquera fair notice and that to the extent the information was ambiguous as to the prosecution's intent to seek sentencing under subdivision (j)(2), Vaquera is not entitled to resentencing on that basis. We agree with Vaquera and direct the trial court to strike his 25-year-to-life sentence on count 2 and resentence him to 15 years to life on that count.

## I.  BACKGROUND

### A.  The One Strike Law

"[T]he One Strike law sets forth an alternative and harsher sentencing scheme for certain sex crimes . . . ." (*People v. Anderson* (2009) 47 Cal.4th 92, 107 (*Anderson I*).) The law applies when the prosecution pleads and proves specific factual circumstances in addition to the elements of the underlying sex offense. (*Id.* at p. 102.) When the prosecution is pursuing sentencing under the One Strike law, the jury decides first whether the prosecution has proved the elements of the charged offense; if the jury convicts, it then independently considers

whether the prosecution has proved the circumstances alleged to support sentencing under the One Strike law. (*Anderson I*, at p. 102.)

If the prosecution has not pled and proved a One Strike law allegation, the usual, determinate sentence for the sex crime applies. (See § 1170, subds. (a)(3), (b).) For example, for a violation of section 288, subdivision (a) — the provision under which Vaquera was convicted — the Penal Code prescribes a sentence of three, six, or eight years in state prison. (*Ibid*.)

When, however, a jury has found true a One Strike law allegation, the offense generally will be punishable by an indeterminate sentence of either 15 years to life or 25 years to life. (See § 667.61, subds. (a)–(e).) As relevant here, under subdivision (b), the sentence is 15 years to life if the jury has found the crime was committed under one of the circumstances listed in subdivision (e) of the One Strike law, among which is the multiple victim circumstance. (§ 667.61, subds. (b), (e)(4).)

This general scheme is subject to exceptions added by the Chelsea King Child Predator Prevention Act of 2010 (Stats. 2010, ch. 219, § 16) (Chelsea's Law), codified in subdivisions (j), (*l*), and (m). (See § 667.61, subd. (b) ["[e]xcept as provided in subdivision (a), (j), (*l*), or (m) . . ."].) Those subdivisions prescribe increased punishments of 25 years to life or life without the possibility of parole when the prosecution has pled and proved a One Strike circumstance involving a minor victim. (See § 667.61, subds. (j), (*l*), (m).) Among these circumstances is subdivision (j)(2), under which Vaquera was sentenced on count 2, which provides for a sentence of 25 years to life for "[a] person who is convicted of an offense specified in subdivision (c)

under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age."

## B. Procedural History

In an interview conducted as part of a child pornography investigation, Vaquera made incriminating admissions to the police about his conduct toward two children.[4] The prosecution charged Vaquera by information with two counts — a separate count as to each of the two children — of committing "a lewd and lascivious act upon and with the body" of "a child under the age of fourteen (14) years, with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of the defendant and the child" in violation of section 288, subdivision (a).[5]

The information also contained a One Strike law allegation as to each of these two counts. The allegation concerning the count at issue here read in full: "As to count(s) 2, it is further alleged pursuant to Penal Code sections 667.61(b)/(e)(4), that in the commission of the above offense, defendant OSCAR MANUEL VAQUERA committed an offense specified in Penal Code section 667.61(c) against more than one victim." As noted above, subdivision (b) of the One Strike law prescribes a 15-year-to-life sentence for a conviction of one of the offenses listed in subdivision (c) when the jury finds true one of the circumstances specified in subdivision (e). The offense of

---

[4]     The evidence at trial showed that Vaquera, who shared an apartment with the victims' family, molested the two children and videotaped them and another child through a hole in the bathroom wall.

[5]     The information also alleged child pornography charges that are not relevant to our analysis.

which Vaquera was convicted — committing a lewd act in violation of section 288, subdivision (a) — is among the offenses listed in subdivision (c). Subdivision (e)(4) sets out the multiple victim circumstance, which applies when a defendant is convicted in a single case of committing an offense listed in subdivision (c) against multiple victims.

The One Strike law allegation as to count 2 did not include a citation to subdivision (j)(2) — the provision under which the trial court ultimately sentenced Vaquera to 25 years to life. Nor did the allegation specify that the victim was under 14 years old — the fact that would trigger application of subdivision (j)(2) to a crime otherwise punishable under subdivision (b). (See § 667.61, subd. (j)(2) [providing for a 25-year-to-life sentence when the defendant was "convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), *upon a victim who is a child under 14 years of age*" (italics added)].) And the allegation did not otherwise specify that the prosecution was seeking a sentence of 25 years to life based on the victim's age rather than the 15-year-to-life sentence generally provided for in subdivision (b).

The jury convicted Vaquera as charged and found true the One Strike multiple victim allegations as to both counts. In its initial sentencing brief, the prosecution asked the court to impose a sentence of 15 years to life for count 2, explaining: "Counts 1 and 2 are convictions for [section] 288(a) with a multiple victim 'One Strike' enhancement under Penal Code section 667.61(b)/(e)(4) and (5). The penalty for each count is an indeterminate sentence of 15 years to life, with the court holding the option to run the counts concurrently or consecutively to each other." The prosecution requested that Vaquera be sentenced to "a minimum of 30 years to life" on all counts.

A few weeks later, just four days before the sentencing hearing, the prosecution filed a new sentencing brief. In this second brief, the prosecution informed Vaquera for the first time that it was seeking a sentence of 25 years to life on count 2. The brief explained that Chelsea's Law — which had taken effect two years before the prosecution filed the information in Vaquera's case and almost four years before it submitted its second sentencing brief — had added subdivision (j)(2) to the One Strike law. The brief argued that this amendment increased the sentence for an offense specified in subdivision (c) involving multiple victims from 15 years to life to 25 years to life whenever the victim was under 14 years old. Because the conduct alleged in count 1 predated the Chelsea's Law amendments, the prosecution acknowledged that Vaquera could be sentenced only to 15 years to life on that count. As to the offense alleged in count 2, however, which occurred after the Chelsea's Law amendments took effect, the prosecution contended that the One Strike law required the trial court to impose a 25-year-to-life sentence. The prosecution's new brief urged the court to impose the sentences on the two counts consecutively and sentence Vaquera to "a minimum of 40 years to life" — 10 years longer than it requested in its initial sentencing brief.

The court sentenced Vaquera to 25 years to life on count 2 and 15 years to life on count 1, to be served concurrently, for a combined sentence of 25 years to life. Vaquera appealed but did not challenge the legality of his sentence. The Court of Appeal affirmed, and we denied review.

The following year, the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court inquiring about Vaquera's sentence. The letter pointed out that although

the information had alleged a multiple victim circumstance under subdivision (b) of the One Strike law, which provides for a 15-year-to-life sentence, Vaquera had been sentenced to 25 years to life on count 2. CDCR inquired whether the court had intended to sentence Vaquera under subdivision (b). To address CDCR's inquiry, the court ordered briefing and held a hearing, after which it decided to leave intact Vaquera's 25-year-to-life sentence for count 2 under subdivision (j)(2).

Vaquera then filed a petition for writ of habeas corpus in the Court of Appeal, claiming the trial court unlawfully imposed the 25-year-to-life sentence for count 2 because he did not have fair notice that he faced 25 years to life on that count. The Court of Appeal summarily denied relief, Vaquera sought review in this court, and we granted the petition and transferred the case back to the Court of Appeal with directions to issue an order to show cause.

The Court of Appeal issued the order to show cause. In the return, the Attorney General denied that the information failed to provide Vaquera fair notice that he could be sentenced to 25 years to life on count 2 under the One Strike law. The parties agreed that no evidentiary hearing was necessary. After oral argument, the court denied relief in a published opinion, *In re Vaquera* (2019) 39 Cal.App.5th 233 (*Vaquera*).

The Court of Appeal rejected as "fundamentally mistaken" Vaquera's contention that "the People could have elected to pursue a prison term of 15 years to life under section 667.61, subdivision (b), rather than a prison term of 25 years to life under section 667.61, subdivision (j)(2)." (*Vaquera, supra,* 39 Cal.App.5th at pp. 244–245.) It observed that "[s]ection 667.61, subdivision (b), *requires* a sentence of 15 years to life

'*[e]xcept as provided* in subdivision . . . (j) . . . .' " (*Id.* at p. 245.) It concluded that the prosecution provided Vaquera fair notice that he could be sentenced under subdivision (j)(2) by pleading "multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age." (*Vaquera,* at p. 245.) The Court of Appeal reasoned that because the jury necessarily found that the victims were under 14 years old when it convicted Vaquera on counts 1 and 2, "the trial court was *required* to impose a 25-year-to-life sentence." (*Ibid.*)

The Court of Appeal expressly disagreed with *People v. Jimenez* (2019) 35 Cal.App.5th 373 (*Jimenez*). (See *Vaquera, supra*, 39 Cal.App.5th at p. 244.) In *Jimenez*, the court had held it violated due process to sentence a similarly situated defendant to 25 years to life under subdivision (j)(2) because "the information only informed [the defendant] he could be sentenced to terms of 15 years to life under Penal Code section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims." (*Jimenez*, at p. 397.)

We granted Vaquera's petition for review to resolve this split of authority.

## II. DISCUSSION

Vaquera contends here, as he did in the Court of Appeal, that his sentence for count 2 is unlawful because the information did not provide fair notice of the specific One Strike sentence he faced. He argues he had a constitutional right to notice that the prosecution was seeking a sentence of 25 years to life under subdivision (j)(2) based on the victim's age, rather than 15 years to life under subdivision (b) based on the multiple victim circumstance alone. He further contends he is entitled to be resentenced to 15 years to life on count 2 because the violation

of this right deprived him of the opportunity to consider his exposure to additional prison time when making key decisions about how to conduct his defense. The Attorney General argues that the information provided Vaquera fair notice of the sentence he faced on count 2 by way of the cross-reference to subdivision (j) in the text of subdivision (b) and that if the prosecution erred in failing to plead the One Strike circumstance with greater specificity, Vaquera is not entitled to resentencing on that basis.

We begin by considering what constitutes fair notice in this context.

### A. Criminal Defendants Have a Constitutional Right to Fair Notice of Their Sentencing Exposure and the Factual Basis for That Exposure

A defendant has a due process right to fair notice of any sentencing allegation that, if proven, will increase the punishment for a crime. (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson II*); *People v. Mancebo* (2002) 27 Cal.4th 735, 747 (*Mancebo*).) In the sentencing enhancement context, the touchstone of fair notice is whether the accusatory pleading enables the defense to predict the sentence the defendant faces if convicted. To enable a defendant to make this prediction, an accusatory pleading must provide the defendant with fair notice of the factual basis on which the prosecution is seeking an increased punishment and of "the potential sentence." (*Anderson II*, at p. 956.)

When the prosecution has not alleged a particular sentencing enhancement in connection with a specific count, a "defendant is ordinarily entitled to assume the prosecution

9

made a discretionary choice not to pursue the enhancement . . . and to rely on that choice in making decisions such as whether to plead guilty or proceed to trial." (*Anderson II*, *supra*, 9 Cal.5th at p. 956.) Since an accusatory pleading that fails to inform the defendant that the prosecution is pursuing a particular sentencing enhancement in connection with a specific count does not allow the defendant to predict the potential sentence, such a pleading does not provide fair notice. (See *id.* at pp. 956–957.)

Like a sentencing enhancement allegation, a "One Strike allegation exposes a defendant to greater punishment than would be authorized by a verdict on the offense alone." (*Anderson I*, *supra*, 47 Cal.4th at p. 108.) Without a true finding on a One Strike allegation, the court may not apply the lengthier sentences provided for in the One Strike law. (*Anderson I*, at p. 108, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*) ["Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"].) Accordingly, we have held the prosecution must provide the defendant "fair notice of the qualifying statutory circumstance or circumstances that are being pled, proved, and invoked in support of One Strike sentencing." (*Mancebo, supra*, 27 Cal.4th at p. 754.)

The One Strike law contains an express pleading requirement: "The penalties provided in this section shall apply only if the existence of any circumstance specified in subdivision (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact." (§ 667.61, subd. (*o*).) Vaquera does not argue that the prosecution violated this

10

statutory requirement, which by its terms does not apply to subdivision (j)(2) so is not directly implicated here. Accordingly, we consider the question before us — whether the One Strike allegation provided fair notice that the prosecution was seeking a 25-year-to-life sentence under subdivision (j)(2) — exclusively under the rubric of due process. (See *Jimenez*, *supra*, 35 Cal.App.5th at pp. 396–397 [satisfying statutory pleading requirement, where applicable, is *necessary* but not *sufficient* to support application of alternative sentencing scheme under One Strike law; due process must also be satisfied]; cf. *Anderson II*, *supra*, 9 Cal.5th at p. 953 ["Beneath . . . statutory pleading requirements lies a bedrock principle of due process."].)[6]

The Attorney General argues that due process does not require the prosecution to notify the defendant of the specific One Strike sentence it is seeking. In his view, the prosecution provides fair notice so long as it alleges the facts that support the One Strike sentence somewhere in the charging document and generally apprises the defendant of the potential for an enhanced penalty. In support of this argument, he cites to *People v. Thomas* (1987) 43 Cal.3d 818 (*Thomas*), in which we held that a pleading that alleged a general charge of manslaughter put the defendant on notice that he could be convicted of either voluntary or involuntary manslaughter. (*Id.* at p. 828.) The Attorney General reads *Thomas* as supporting his argument that due process does not require the prosecution

---

[6] It is unclear why, in enacting Chelsea's Law, the Legislature did not amend subdivision (*o*) to say that the express pleading requirement applies to the circumstances specified in subdivisions (j), (*l*), and (m) as well as those specified in (d) and (e). It may wish to do so now.

to make clear that it is relying on facts alleged in support of a charged offense to also support a One Strike sentence.

We rejected a similar argument in *Mancebo, supra*, 27 Cal.4th at page 747, concluding that *Thomas* did not support the Attorney General's contention that it was sufficient for the accusatory pleading to place the appellant on general notice that the facts underlying the One Strike circumstance would be at issue at trial. In *Mancebo*, the defendant was charged with committing One-Strike-qualifying crimes against more than one victim, but the prosecution did not plead a One Strike multiple victim allegation. (*Mancebo*, at p. 743.) We acknowledged that the defendant's conviction of the charged crimes would have made it "difficult to meaningfully contest" the truth of a multiple victim circumstance had the prosecution alleged one. (*Id*. at p. 752.) Nevertheless, we held that it would be inconsistent with the One Strike law's express pleading requirement and with due process to base a One Strike sentence on that circumstance because the prosecution had not pled it. (*Mancebo*, at p. 752.) An information, we held, must allege "which qualifying circumstance or circumstances are being invoked for One Strike sentencing." (*Ibid*.) This requirement, we explained, is dictated not only by the language of the One Strike law's express pleading requirement but also by due process, because the prosecution's failure to inform the defendant that it is invoking those circumstances in support of a particular One Strike sentence "violates [the defendant's] right to adequate notice of the factual and statutory bases of sentence enhancement allegations." (*Mancebo*, at p. 746; see *id*. at p. 747 ["[A] defendant has a cognizable due process right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment"].) In sum, to satisfy due process, an

accusatory pleading must inform the defendant that the prosecution is relying on specific facts to support imposition of a particular One Strike sentence. (*Mancebo*, at pp. 746–747.) Our holding in *Thomas* is not to the contrary. (*Mancebo*, at pp. 747–748.)[7]

To be sure, as we have emphasized, due process does not require "rigid code pleading or the incantation of magic words." (*Anderson II, supra*, 9 Cal.5th at p. 957.) An accusatory pleading need not specify the number of the pertinent sentencing statute, so long as it otherwise clearly notifies the accused of the factual basis on which it is seeking a longer sentence and the information necessary to calculate sentencing exposure. (§ 952; see *People v. Tirado* (2022) 12 Cal.5th 688, 698 ["[T]he 'accusatory pleading need not specify by number the statute under which the accused is being charged.' "].) In the One Strike law context, we have observed that "[a]dequate notice can be conveyed by a reference to the description of the qualifying circumstance" in the One Strike allegation accompanied by either a general "reference to section 667.61" or a more specific reference to the relevant subdivision of section 667.61. (*Mancebo, supra*, 27 Cal.4th at p. 754.) If a One Strike allegation describes the specific factual circumstance based on which the prosecution seeks One Strike sentencing and cites to section 667.61, the allegation does not necessarily need to specify the sentence (i.e., "15 years to life," "25 years to life," or "life without the possibility of parole") or cite to the specific

---

[7] We disapprove *People v. Neal* (1984) 159 Cal.App.3d 69, which we cited with approval in *Thomas, supra*, 43 Cal.3d at pages 830 to 831, to the extent it is inconsistent with the understanding of fair notice that is reflected in our present analysis.

subdivision of section 667.61 that provides the applicable enhanced penalty. (*Mancebo*, at pp. 753–754; see *Anderson II*, at p. 957 ["We do not mean to suggest that an information that fails to plead the specific numerical subdivision of an enhancement is necessarily inadequate"].) Similarly, a One Strike allegation need not specify the factual basis of the sentence the prosecution is seeking if the allegation's text otherwise makes clear that the prosecution intends to rely on the facts alleged in connection with the underlying count to seek imposition of a specific One Strike sentence on that count. To satisfy due process, it is sufficient for an accusatory pleading to provide the defendant fair notice of the particular One Strike sentence the prosecution is seeking and of which facts it intends to prove to support that sentence. (*Mancebo*, at pp. 753–754.)

## B. The One Strike Allegation on Count 2 Did Not Provide Vaquera Fair Notice That the Prosecution Was Seeking a 25-year-to-life Sentence Under Section 667.61(j)(2) Based on the Victim's Age

Applying these principles, we must determine whether the One Strike allegation as to count 2 provided Vaquera fair notice that the prosecution was seeking a sentence of 25 years to life under subdivision (j)(2) based on the victim being under the age of 14, rather than 15 years to life under subdivision (b) based on the multiple victim circumstance alone. As noted above, the allegation stated: "As to count(s) 2, it is further alleged pursuant to Penal Code sections 667.61(b)/(e)(4), that in the commission of the above offense, [Vaquera] committed an offense specified in Penal Code section 667.61(c) against more than one victim." The first subdivision of the One Strike law cited in the allegation, subdivision (b), states: "Except as provided in

subdivision (a), (j), (*l*), or (m), a person who is convicted of an offense specified in subdivision (c)" — which includes section 288, subdivision (a), under which Vaquera was charged — "under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." The second subdivision cited in the allegation, subdivision (e)(4), sets out the multiple victim circumstance.

At least on initial read, the allegation's citations to subdivisions (b) and (e)(4), combined with its invocation of the qualifying circumstance that Vaquera committed the covered offense "against more than one victim," suggest the prosecution was seeking a sentence of 15 years to life based on the multiple victim circumstance. Subdivision (b) provides for a sentence of 15 years to life, and subdivision (e)(4) applies when a defendant is convicted in a single proceeding of committing a One Strike offense "against more than one victim." Based on the underlying charges in this case, the prosecution had the choice of: (1) not including a One Strike allegation in the information and seeking a determinate sentence of three, six, or eight years (§ 288, subd. (a)); (2) seeking 15 years to life based on the multiple victim circumstance alone (§ 667.61, subds. (b) & (e)(4)); or (3) seeking 25 years to life based on the additional circumstance that the victim of count 2 was under the age of 14 (*id.*, subd. (j)(2)). The information appears to reflect that the prosecution chose the middle ground, alleging a One Strike law circumstance, citing to subdivisions (b) and (e), and including a corresponding multiple-victim factual allegation, while omitting any citation to

subdivision (j)(2) and any corresponding allegation that the victim was under the age of 14.[8]

Looking beyond the language of the One Strike allegation as to count 2, the way the prosecution framed the allegations as a whole further suggests it was not seeking sentencing under subdivision (j)(2). The Chelsea's Law amendments, by which the Legislature added subdivision (j) to the One Strike law, had taken effect two years before the prosecution filed the information. Under the prior version of the statute, subdivision (e)(4) pertained to the personal use of a firearm; the multiple victim circumstance was codified in former subdivision (e)(5). The information cites former subdivision (e)(5) in connection with the One Strike law allegation as to count 1, which was based on conduct predating the Chelsea's Law amendments. The allegation as to count 2, by contrast, cites subdivision (e)(4) for the multiple victim circumstance. The prosecution's citation to subdivision (e)(4) rather than subdivision (e)(5) in connection

---

[8] Notably, the One Strike allegation as to count 2 is framed how one might expect it to be framed if the prosecution wanted to make clear that it had elected to seek sentencing under subdivision (b) rather than under subdivision (j)(2). Indeed, it is difficult to imagine how else a prosecutor would make that election clear in the information. Subdivision (j)(2) applies in the same circumstances in which subdivision (b) applies — conviction "of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e)" (§ 667.61, subd. (b)) — but only when an *additional* circumstance is pled and proved: that the offense was committed "upon a victim who is a child under 14 years of age" (*id.*, subd. (j)(2)). Had the prosecution intended to seek sentencing under subdivision (j)(2) it could have simply cited that subdivision; there would have been no reason for it to cite subdivision (b).

with count 2, but not count 1, therefore suggests it was aware of the renumbering of the One Strike law's multiple victim circumstance pursuant to the Chelsea's Law amendments when drafting the information. (See Stats. 2010, ch. 219, § 16.) Reading the One Strike allegation as to count 2 in this context, defense counsel would have reasonably assumed the prosecutor was aware of subdivision (j)(2) and had elected to seek sentencing under subdivision (b) instead. (See *Anderson II*, *supra*, 9 Cal.5th at p. 956.) Indeed, it appears from the first sentencing brief that the prosecutor understood throughout the trial that the punishment for count 2 would be 15 years to life under subdivision (b).

We considered a somewhat similar issue in *Anderson II*, *supra*, 9 Cal.5th at page 957, where we concluded that the pleading of a vicarious firearm allegation carrying a 25-year-to-life sentence as to one count did not provide fair notice that the prosecution would seek additional vicarious firearm enhancements as to other counts. We observed that the prosecution's choice "to allege other, lesser enhancements" on the counts at issue gave the defendant "reason to believe the prosecution was exercising its discretion *not* to seek the . . . 25-year-to-life enhancement" on those counts. (*Ibid.*) In this case, the framing of the One Strike allegation as to count 2, particularly when considered in juxtaposition to the framing of the One Strike allegation as to count 1, gave Vaquera reason to believe the prosecution was exercising its discretion not to seek sentencing under subdivision (j)(2) by pleading subdivision (b) and relying exclusively on the multiple victim circumstance rather than also pleading that the victim was under the age of 14.

In circumstances parallel to those of this case, the Court of Appeal in *Jimenez, supra*, 35 Cal.App.5th 373 held that the imposition of 25-year-to-life sentences under subdivision (j)(2) violated the defendant's due process right to fair notice. (*Jimenez*, at p. 397.) In *Jimenez*, as here, a jury convicted the defendant of committing One-Strike-eligible offenses against multiple victims under the age of 14 and also found true a One Strike multiple victim allegation: that "Jimenez did 'commit the offense on more than one victim within the meaning of Penal Code Section 667.61 (b)/(e).'" (*Jimenez*, at p. 394.) The Court of Appeal concluded this allegation did not provide fair notice that Jimenez faced 25-year-to-life sentences under subdivision (j)(2). (*Jimenez*, at p. 397.) It observed, "the information only informed Jimenez he could be sentenced to terms of 15 years to life under Penal Code section 667.61, subdivisions (b) and (e) for committing the alleged offenses against multiple victims. The information did not put him on notice that he could be sentenced to terms of 25 years to life under section 667.61(j)(2) for committing those offenses upon multiple victims, *at least one of whom was under 14 years of age*." (*Jimenez*, at p. 397.) In *Jimenez*, as here, the prosecution pled and the jury found the facts necessary to support imposition of a 25-year-to-life sentence under subdivision (j)(2). (*Jimenez*, at p. 394; see *Apprendi, supra*, 530 U.S. at p. 490.) The Court of Appeal's conclusion that the prosecution did not provide fair notice rested on the information's failure to inform Jimenez that the prosecution intended to rely on those facts to seek sentencing under subdivision (j)(2).

The Attorney General points out that subdivision (b)'s initial clause states that a sentence of 15 years to life shall be imposed "[e]xcept as provided in subdivision . . . (j)" and that

subdivision (j)(2), in turn, states that any "person who is convicted of an offense specified in subdivision (c)" — among which is the offense alleged in count 2 — "under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." (*Ibid.*) He contends that because subdivision (b) cross-references subdivision (j), the information provided Vaquera fair notice that the prosecution was seeking a sentence of 25 years to life on count 2. We disagree. At most, the statutory cross-reference to subdivision (j) renders the allegation ambiguous as to whether the prosecutor might seek sentencing under that provision. Read as a whole, the pleading failed to inform Vaquera of the prosecutor's election to seek the more stringent sentence and did not provide fair notice of his sentencing exposure.[9]

We recognize, as the Court of Appeal emphasized and as Vaquera concedes, that the provisions of the One Strike law

---

[9] The Attorney General briefly argues that to hold that Vaquera's right to fair notice was violated would be inconsistent with *People v. Valladoli* (1996) 13 Cal.4th 590. In *Valladoli*, we concluded that the trial court did not violate due process when it authorized the prosecution to amend an accusatory pleading after trial to add prior felony conviction allegations. (*Id.* at p. 607; see § 969a.) *Valladoli* is distinguishable. The case concerned whether the trial court violated due process by permitting the amendment of an accusatory pleading, not whether it did so by imposing a sentence based on an unpled provision. (*Valladoli*, at p. 607.) Moreover, the defendant in *Valladoli* knew from the outset of the case that the prosecution intended to seek an enhanced sentence based on his prior felony convictions and disavowed any claim of lack of notice. (*Id.* at p. 608.)

generally are mandatory when properly pled and proved. (*Vaquera, supra,* 39 Cal.App.5th at p. 245.) If the prosecution had alleged under subdivision (j)(2) that Vaquera was subject to a 25-year-to-life sentence on count 2 based on having been "convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age" and the jury found that allegation true, the trial court generally would have been required to sentence Vaquera to 25 years to life on count 2. (§ 667.61, subd. (j)(2).)

However, the question before us is whether the information provided fair notice to Vaquera of the One Strike sentence the prosecution was seeking and the factual basis on which it sought that sentence. To provide fair notice, an "accusatory pleading must adequately inform the defendant as to how the prosecution will seek to exercise its discretion." (*Anderson II, supra,* 9 Cal.5th at p. 957.) As we have explained, a prosecutor has the discretion to charge any provision of the One Strike law supported by the facts or, indeed, to elect not to invoke the One Strike law at all; nothing requires the prosecutor to charge the One Strike provision that carries the longest sentence. (See *Anderson II,* at p. 957; see *People v. Villegas* (2023) 97 Cal.App.5th 253, 367–368.)[10] The fact that the trial court must impose a One Strike sentence when a One Strike allegation is properly pled and proved does not relieve the

---

[10] We disapprove *People v. Zaldana* (2019) 43 Cal.App.5th 527 to the extent it is inconsistent with our conclusion that the prosecution has discretion to allege a subdivision (b) circumstance rather than a subdivision (j)(2) circumstance where the defendant is charged with committing One-Strike-eligible offenses against multiple victims under the age of 14.

prosecution of its obligation to provide fair notice to the defendant of the sentence it is seeking. The Court of Appeal therefore erred in concluding that because the jury found the facts that would support sentencing under subdivision (j)(2) when it convicted Vaquera on counts 1 and 2, the court was "*required* to impose a 25-year-to-life sentence . . . ." (*Vaquera, supra,* 39 Cal.App.5th at p. 245.) Whether the court was so required generally would turn on whether the prosecution properly invoked subdivision (j)(2) by pleading those facts in connection with the One Strike allegation. The prosecution's failure to do so violated Vaquera's due process right to fair notice.

The determination whether an accusatory pleading provides fair notice of a potential One Strike sentence requires a careful analysis of the language of the One Strike allegation. Here, the One Strike allegation specified that it was making "further" allegations "[as] to count 2." It may be possible to read this language as not only specifying the count to which the allegation pertained but as also incorporating by reference the factual allegations in count 2, including, as relevant here, that the victim was under the age of 14. However, to use a fact alleged in connection with the underlying offense to support a One Strike allegation, the prosecution must provide fair notice that it intends to use that fact for purposes of One Strike sentencing. (Cf. *Anderson, supra,* 9 Cal.5th at pp. 956–957 ["Fair notice requires that every sentence enhancement be pleaded in connection with every count as to which it is imposed"]; *Mancebo, supra,* 27 Cal.4th at p. 754 [upholding decision striking unpled multiple victim circumstances although charging document alleged One-Strike-qualifying offenses against multiple victims].) The prosecution did not provide fair

notice of its intent to rely on the allegation concerning the victim's age to seek a 25-year-to-life sentence under subdivision (j)(2). As noted above, the information is most reasonably interpreted as conveying a prosecutorial election not to rely on the age of the victim — and thus not to invoke subdivision (j)(2) in connection with count 2. The One Strike allegation's ambiguous reference to count 2 did not provide fair notice of the prosecution's election to rely on the allegation of the victim's age to seek a longer One Strike sentence.

There are various ways the prosecution could have provided fair notice of its intent to seek sentencing under subdivision (j)(2). The prosecution could have briefly alleged in the One Strike law allegation the factual circumstances on which it was relying (Vaquera having been convicted in the present case of committing violations of section 288, subdivision (a) against multiple victims and the victim being under the age of 14) and cited to the One Strike law generally (§ 667.61). (See *Mancebo, supra,* 27 Cal.4th at p. 754.)[11] Alternatively, the prosecution could have cited to subdivision (j)(2) and referenced the charge in count 2 (§ 288, subd. (a)), an essential element of which is that the victim was under 14 years old) and the multiple victim circumstance (§ 667.61, subd. (e)(4)).[12] Had the

---

[11] Indeed, the information did specify that that the victims were under 14 years of age in a separate allegation regarding defendant's ineligibility for probation, making the prosecutor's failure to include the same factual circumstance in the One Strike law allegation appear intentional.

[12] The One Strike law applies to nine enumerated sex offenses. (§ 667.61, subd. (c).) Only three of those offenses require proof that the victim was under 14 years of age at the

prosecution framed the allegation in either of these ways, due process would not have required it to expressly specify that it was seeking 25 years to life on count 2, although doing so would have rendered the pleading even clearer as to Vaquera's sentencing exposure. Alternatively, had the prosecution specified in the One Strike allegation that it was seeking 25 years to life on count 2 and alleged the factual circumstances on which it was relying to support that sentence, that would have provided fair notice even without a citation to subdivision (j)(2).

The One Strike allegation as to count 2, however, did not specify that the prosecution was seeking 25 years to life on that count, cite to subdivision (j)(2), or otherwise make clear that the prosecution was seeking a longer sentence based on the victim's age. Because the allegation did not inform Vaquera of the prosecution's intent to invoke the One Strike law circumstance on which the trial court ultimately sentenced him, the allegation failed to provide him fair notice.

time of the offense. (See *id.*, subd. (c)(4), (8), (9).) For any of the other six offenses, due process requires the One Strike allegation to specify that the victim was under the age of 14 when the prosecution is seeking a longer sentence under subdivision (j)(2) on that basis. And even when seeking a sentence under subdivision (j)(2) for an offense of which the victim's age is an element, the best practice is to specify the offense in the One Strike allegation — e.g., that "the defendant was convicted of committing a lewd act on a child under the age of 14 (Pen. Code, § 288, subd. (a))" — in addition to specifying the subdivision (e) circumstance — e.g., that the defendant "has been convicted in the present case of committing the offense against more than one victim" (*id.*, subd. (e)(4)).

## C. Vaquera Is Entitled To Resentencing on Count 2

Having determined that the imposition of a 25-year-to-life sentence under subdivision (j)(2) on count 2 violated Vaquera's due process right to fair notice, we now consider whether he is entitled to resentencing. Vaquera argues, citing *Mancebo*, that he is entitled to be resentenced to 15 years to life on count 2 because the prosecution waived its right to seek a 25-year-to-life sentence under subdivision (j)(2) by pleading subdivision (b) and not seeking to amend the information. (See *Mancebo*, *supra*, 27 Cal.4th at p. 749 ["doctrines of waiver and estoppel, rather than harmless error, apply" where the prosecution's failure to plead a One Strike allegation reflects a "discretionary charging decision"].) Alternatively, citing *Anderson II*, *supra*, 9 Cal.5th at pages 963 to 964, Vaquera contends that he is entitled to be resentenced to 15 years to life on count 2 because the Attorney General has not demonstrated that the prosecution's failure to provide fair notice was harmless.

We need not decide whether *Mancebo*'s analysis applies in the present context because even assuming the due process violation is subject to a prejudice analysis, Vaquera is entitled to resentencing. In *Anderson II*, *supra*, 9 Cal.5th at page 964, we held that the defendant was entitled to resentencing where the prosecution's intent to seek the sentencing enhancements at issue only became clear on the day of the sentencing hearing — "too late to cure the defective pleading." We reasoned that the purpose of a statutory pleading requirement is "to give sufficient notice to permit the defense to make informed decisions about the case, including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial." (*Ibid.*; see also *Mancebo*, *supra*, 27 Cal. 4th at p. 752 [observing

that timely notice of a sentencing allegation may impact a defendant's decision "whether to plea bargain or go to trial"].) Because Anderson did not receive notice of the potential sentence he faced in time for him to take his sentencing exposure into account in making those decisions, we concluded the pleading error was not harmless and he was entitled to resentencing. (*Anderson II*, at p. 964.) Nothing in the record here suggests Vaquera learned of his sentencing exposure on count 2 in time for him to take it into account in fashioning his defense strategy. Accordingly, the Attorney General has not met his burden to show the fair notice violation was harmless.

The Attorney General argues that Vaquera had actual notice that he faced a 25-year-to-life sentence on count 2 because the One Strike law required the court to impose a 25-year-to-life sentence. This argument rests on the erroneous premise that a 15-year-to-life sentence under subdivision (b) would be unauthorized in the context of this case. As we have observed, subdivision (j)(2) requires the court to impose a 25-year-to-life sentence only when it has been properly *pled* and proved. As the Attorney General would have us read the statute, the prosecution's only options would be to omit a One Strike allegation entirely (i.e., not seek application of the One Strike scheme at all) or to seek the maximum sentence permitted under the One Strike law based on the facts proved in conjunction with the underlying sex offense (here, 25 years to life). As we have explained, this reading is incorrect: The prosecution may opt to allege a One Strike law circumstance that supports imposition of a 15-year-to-life sentence even when it alleges facts that would support imposition of a longer sentence elsewhere in the accusatory pleading.

The Attorney General further argues that Vaquera is not entitled to resentencing because he should have been aware that the prosecution could seek sentencing under subdivision (j)(2). It seems the Attorney General would have us impute to Vaquera awareness that the prosecution intended to seek sentencing under subdivision (j)(2) although the Attorney General suggests the prosecution itself "inadvertently failed to consider" subdivision (j)(2), and although it appeared to CDCR, reviewing the trial record, that the prosecution was seeking sentencing under subdivision (b). Because the information could be reasonably read as indicating that the prosecution had elected *not* to seek 25 years to life under subdivision (j)(2), the burden is on the Attorney General to demonstrate that Vaquera was aware of the sentence the prosecution was seeking at a time when he could have taken his sentencing exposure into consideration in making key decisions about how to conduct his defense, "including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial." (*Anderson II, supra*, 9 Cal. 5th at p. 964; see *Mancebo, supra*, 27 Cal.4th at p. 752.) The Attorney General has not met this burden. The record shows that the same prosecutor filed the information, conducted the trial, and submitted both sentencing briefs. In the almost two years between when the prosecution filed the information and when it filed its second sentencing brief, it did not seek to amend the information or otherwise clarify it was seeking sentencing under subdivision (j)(2) rather than subdivision (b). Then, in its initial sentencing brief, the prosecution affirmatively asked the court to impose a sentence of 15 years to life on count 2 pursuant to subdivision (b). It was not until the prosecution filed its second sentencing brief, three

months after the jury returned its verdict, that it first made clear its intent to seek 25 years to life under subdivision (j)(2).

This would be a different case if the prosecution had provided Vaquera timely actual notice that it was seeking a 25-year-to-life sentence on count 2 and the factual basis on which it was seeking that sentence, despite its failure to provide such notice in the information. (See *People v. Houston* (2012) 54 Cal.4th 1186, 1228 [finding the defendant forfeited on appeal due process claim based on indictment's failure to provide fair notice of sentencing exposure where the defendant "received adequate notice of the sentence he faced" before the case was submitted to the jury and had sufficient opportunity to request additional time to prepare a defense but "did not raise an objection in the trial court"].) Here, however, the Attorney General does not attempt to demonstrate that Vaquera received such notice by any means other than the information. In the return to the order to show cause, the Attorney General did not allege that Vaquera had actual notice the prosecution intended to seek a 25-year-to-life sentence under subdivision (j)(2) on count 2 at a time when Vaquera could have taken the prosecution's election into account in formulating his defense strategy. Nor did the return state facts or provide any " 'documentary evidence, affidavits, or other materials' " that would support a finding that Vaquera had timely actual notice. (*People v. Duvall* (1995) 9 Cal.4th 464, 476.) Vaquera therefore is entitled to resentencing on count 2.

### III. CONCLUSION

For the reasons given above, we reverse the judgment of the Court of Appeal and remand with instructions to grant Vaquera habeas corpus relief and to direct the trial court to

strike the 25-year-to-life sentence imposed under subdivision (j)(2) on count 2 and resentence Vaquera to 15 years to life on that count under subdivision (b).

**GROBAN, J.**

**We Concur:**

**GUERRERO, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**
**JENKINS, J.**
**EVANS, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  In re Vaquera

---

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 39 Cal.App.5th 233
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S258376
**Date Filed:** February 5, 2024

---

**Court:** Superior
**County:** Orange
**Judge:** David A. Hoffer

---

**Counsel:**

Sharon Petrosino, Public Defender, Sara Ross, Assistant Public Defender, Miles David Jessup, Matthew Darling and Abby Taylor, Deputy Public Defenders, for Petitioner Oscar Manuel Vaquera.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Paige B. Hazard and James M. Toohey, Deputy Attorneys General, for Respondent the People.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Abby Taylor
Deputy Public Defender
801 Civic Center Drive West, Suite 400
Santa Ana, CA 92701
(657) 251-8607

Paige B. Hazard
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 540-0201